Howell, J.
A motion is made to dismiss the appeal in this case, on the ground that the judgment appealed from is not a final one, nor is it such an interlocutory order or decree as will cause an irreparable injury to the appellant.
The suit is brought against the sureties on a tutor’s bond, and, during the progress of the cause, the defendant, Y. J. Dupuy, made a motion to suspend all further proceedings until the rights of plaintiffs, and other parties contesting them, under certain seizures of the tutor’s property, made since the institution of this suit, to satisfy the claim of plaintiffs against said tutor, shall be determined, on the ground that said defendant is entitled to avail himself of the benefit of any sum recovered of his principal, the tutor, or any amount from which the said tutor might be released by the laches, informal and irregular proceedings on tho part of plaintiffs in said seizures. The judgment granting this motion, and suspending indefinitely all further proceedings, is the one appealed from ; and we think it one which may cause irreparable injury to the appellant. It is something more than an. ordinary continúan oe. By it plaintiffs are *167 prohibited from prosecuting fclieir rights, until other proceedings in other eases are concluded, thus procrastinating the suit to au indefinite period, which might result in a virtual denial of justice. The contests arising out of the seizures in question, the determination of which the proceedings in this case are ordered to await, may be protracted in the lower and appellate Courts, and, in tho mean timo, the condition of defendant changed, and the rights of plaintiffs seriously impaired.
The motion to dismiss must be overruled.
The question presented on this appeal is properly one of practice.
The defendant, Dupuy, filed an exception that plaintiffs had no right of action against him as security oil the tutor’s bond, until the necessary steps shall have been taken to enforce payment against tho principal. This exception was overruled, whereupon he filed an answer, and after-wards an amended answer, renewing the grounds of his exception as a defense to the suit, setting forth certain acts of plaintiffs as operating his release from liability, and other proceedings on their part, which entitle him to have this suit suspended until they are disposed of.
At a subsequent term of the Court, he makes virtually the same matters the basis of a motion to suspend further proceedings. This is a practico unknown to our law or jurisprudence. If plaintiffs had a right of action against tho surety, as the Court had decided, they were entitled to prosecute that action to a judgment, without reference to their proceedings against the principal. The correctness of the ruling on the exceptipn can bo reviewed on appeal from the final judgment on tho merits.
Plaintiffs either had a right of action against the surety on the tutor’s bond, or they liad not. Their right of action having been recognized by the Court, the order suspending proceedings, for the cause alleged, was irregular; it was virtually renewing and maintaining the exception which had been overruled. Tho fact that plaintiffs, pending their action against the surety, discovered and levied upon property of the principal, does not, in our opinion, lessen their right to prosecute an action already accorded to them, whatever may be the effect thereof, under an execution on any judgment they might obtain.
It is thérefore ordered, that tho judgment appealed from be reversed, and the case remanded to be proceeded in according to law; defendant and appellee to pay costs of appeal.
Labauve, J., recused.